SPORTSMAN'S INN, INC.

v.

CITY OF PROVIDENCE, et al.

No. 96–567–Appeal.

Supreme Court of Rhode Island.

June 2, 1999.

Kevin F. McHugh, Providence.

William A. Gosz, Providence.

## ORDER

This matter is before the Court on the appeal of the plaintiff, Sportsman's Inn, Inc. (Sportsman's Inn), from a Superior Court judgment denying the plaintiff's petition for injunctive relief against the defendants, the City of Providence (city) and the members of the Board of Licenses for the city (board). The trial court also denied the plaintiff's petition for a declaration that provisions of the city's 1991 and 1994 adult-entertainment zoning ordinances are unconstitutional.[1] We ordered the parties to show cause why we should not decide this appeal summarily. None having been shown, we proceed to do so at this time.

At the time of trial, Sportsman's Inn operated a nightclub and tavern facility located at 122 Fountain Street in Providence. On May 22, 1995, plaintiff had applied for an adult-entertainment license with defendant board "for the express purpose of showing exotic or erotic dancing and adult entertainment where certain female performers would expose various

---

1. The trial court below was heard with a companion case, *DiRaimo v. City of Providence*, C.A. No. PC 93–2957, 1996 WL 936868, in which the owners of "The Satin Doll" adult-entertainment club also challenged the constitutionality of provisions pertaining to adult entertainment contained in the 1991 Providence zoning ordinance. The unsuccessful owners there filed an appeal which we denied in *DiRaimo v. City of Providence*, 714 A.2d 554 (R.I.1998) (affirming that portion of the Superior Court judgment upholding the constitutionality of the zoning ordinance).

parts of the anatomy while dancing in an artistic fashion to live or prerecorded music." The board denied plaintiff's application on July 24, 1995. Sportsman's Inn was located in an area zoned D–1 (Downtown: Central Business District) (hereinafter D–1 zone). The 1991 Providence zoning ordinance permitted adult entertainment only in locations that were (1) greater than 200 feet from any residential zone and (2) in an area zoned either M–1 (Industrial District), M–2 (Heavy Industrial District), or, by way of special exception, C–4 (Heavy Commercial District) or D–2 (Downtown: Mill District). The ordinance did not permit adult entertainment in the D–1 zone where Sportsman's Inn was located Section 1000.3 defined "adult entertainment" as:

> "Any commercial establishment or business where any individual, employee, operator or owner exposes human genitals, pubic regions, buttocks, anus or female breasts below a point immediately above the tops of the areolae for viewing by patrons."

In 1994, the city amended its zoning ordinance to change the definition of adult entertainment and to eliminate the special exceptions for adult entertainment in the C–4 and D–2 zones. Under the amended definition, § 1000.8 defined "adult entertainment" as follows:

> "Any commercial establishment or business where any individual, employee, operator or owner works or performs in the nude. Nudity means the showing of the human male or female genitals, public area, or buttocks with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple and below, or showing of the covered male genitals in a discernibly turgid state. Adult entertainment shall also be construed to mean actual or simulated

acts of sexual activity by clothed or nude individuals and includes both 'live' exposure and film, video, or any type of reproduction of such human anatomy and sexual activity."

Following the denial of its application for an adult-entertainment license, plaintiff filed suit in Superior Court, seeking (1) a temporary restraining order enjoining defendants from denying plaintiff an adult-entertainment license, and/or a mandatory injunction requiring the issuance of such license and/or enjoining the city from enforcing that portion of the zoning ordinance which prohibits such a license from issuing to plaintiff in a D–1 zone; (2) a declaration that § 1000.3 of the 1991 zoning ordinance and § 1000.8 of 1994 zoning ordinance violate the First and Fourteenth Amendments to the United States Constitution and article 1, section 2, of the Rhode Island Constitution, in that city failed to consider the secondary effects of adult entertainment on the community and on other uses in the D–1 zone; (3) a declaration that §§ 1000.3 and 1000.8 are unconstitutionally overbroad in their restrictions of First Amendment rights; (4) a declaration that §§ 1000.3 and 1000.8 violate the state and federal guarantees of equal protection in that they prohibit only women from exposing their breasts; and (5) a declaration that §§ 1000.3 and 1000.8 unconstitutionally restrain protected expression. After a nonjury trial on the merits concluded before a Superior Court justice, the court issued a written decision denying all relief and declaring the zoning ordinance to be constitutional. Judgment for defendants entered, and plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that the prior and current restrictions on adult entertainment contained in the city zoning ordinance violate the United States and Rhode Island Constitutions.[2] The argu-

---

**2.** Although the Court originally assigned this appeal to the continuous-argument calendar, we stayed that assignment pending our decision in *DiRaimo*. After we issued our *DiRai-mo* opinion, we reassigned this case to the show-cause calendar. Although the Court invited the parties to file supplemental memo-

ments plaintiff sets forth in support thereof are essentially the same arguments raised by the plaintiff in *DiRaimo v. City of Providence*, 714 A.2d 554 (R.I.1998). Thus, we are of the opinion that our ruling in *DiRaimo* controls this case. In *DiRaimo*, we concurred with "the well-reasoned constitutional analysis set forth in the trial justice's [decision]" and largely adopted it as our own. 714 A.2d at 557. Although we excised those portions of the trial justice's decision relating to this case, *see id.*, the constitutional analysis used by the trial justice and adopted by this Court was nevertheless the same in both cases.

The plaintiff has raised free-speech, due-process, and equal-protection arguments in this case, as did the plaintiff in *DiRaimo*. The trial justice gave careful consideration to each of these arguments. In *DiRaimo*, we adopted and reprinted the trial justice's reasoning as to the free-speech and due-process arguments, but we omitted that portion of his decision addressing the equal-protection argument because the *DiRaimo* plaintiff had failed to preserve that issue on appeal. 714 A.2d at 556–57 & n. 4. Insofar as the plaintiff here has preserved its equal-protection challenge, we hereby adopt in toto the trial justice's ruling on that point, just as we adopted his ruling regarding the free-speech and due-process guarantees in *DiRaimo*. This Court's opinion in *DiRaimo* is controlling in all other regards.

For these reasons, we deny and dismiss the plaintiff's appeal and affirm the Superior Court's judgment.

randa addressing the effect of *DiRaimo* on

this case, they have declined to do so.